UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAWN PERSECHINO,** | : | |
| Plaintiff, | : | Case No.: |
| vs. | : | |
| **UNITED SERVICES, INC.,** | : | |
| Defendant. | : | October 17, 2019 |
| | | Jury Trial Demanded |

## COMPLAINT

Plaintiff, Dawn Persechino, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, United Services, Inc., respectfully alleges:

## PARTIES

1. Plaintiff, Dawn Persechino, was and is a citizen and resident of the State of Connecticut.

2. Defendant, United Services, Inc., was and is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at 1007 North Main Street, Dayville, Connecticut 06241.

3. At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4. At all times material, defendant was an employer within the meaning of the ADAAA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C.

§1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

6. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

## GENERAL ALLEGATIONS

7. Defendant employed plaintiff.

8. Defendant hired plaintiff on December 5, 2011.

9. Plaintiff's current job position is Adjunct Counselor, Domestic Violence Counselor.

10. Plaintiff is qualified for the job.

11. Plaintiff has a disability within the meaning of the ADA.

12. Plaintiff suffers from Bipolar disorder.

13. Plaintiff is under the care of one or more health care providers for the Bipolar Disorder.

14. Plaintiff has a history of Bipolar disorder.

15. Plaintiff's Bipolar Disorder is medically documented.

16. Plaintiff's Bipolar disorder substantially limits one or more major life activity including thinking and concentration.

17. Sleep disruption exacerbates plaintiff's Bipolar disorder and the exacerbation substantially limits one or major life activity including thinking and concentration.

18. Plaintiff wanted to avoid sleep disruption to avoid the exacerbation of her

mental disability.

19. Plaintiff requested a reasonable accommodation in the form modification of her work schedule.

20. Specifically, she requested that she did not be assigned the third shift.

21. In support of her accommodation request, plaintiff provided defendant with a note dated September 11, 2017 from Stephen Alloy, MD.

22. Dr. Alloy's September 11, 2017 note stated that plaintiff has a diagnosis of Bipolar Disorder; that sleep disruption, such as by working third shift, carries a high risk for plaintiff because it puts her at high risk for psychiatric decompensation; and working third shift is medically contra-indicated for plaintiff.

23. Defendant received Dr. Alloy's September 11, 2017 note.

24. Defendant was aware of plaintiff's Bipolar disorder diagnosis.

25. Defendant has denied plaintiff's accommodation request.

26. Defendant has denied plaintiff work by taking plaintiff of second shift assignments.

27. Defendant has advertised plaintiff's job position where the advertisement states that the applicant can pick a work shift that fits your lifestyle.

28. Plaintiff's accommodation request was reasonable.

29. Any and all non-discriminatory excuses to be offered by defendant to explain the failure to accommodate and/or the failure to assign work would be pretext to mask unlawful discrimination.

30. On or about February 5, 2018, plaintiff filed a complaint against defendant with the U.S. Equal Employment Opportunities Commission (EEOC).

31. On or about July 23, 2019, plaintiff received a right to sue letter from the EEOC. (Ex.1)

## FIRST COUNT
### (Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 31 above as if fully incorporated herein.

32. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

33. Defendant, by and through its agents and/or employees, violated the Americans with Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;

(c) In that defendant denied plaintiff work;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees;

(e) In that defendant discriminated against the plaintiff for requiring a reasonable accommodation;

(f) In that defendant intentionally discriminated against the plaintiff.

34. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of work and equal employment opportunities because of her disability.

35. As a further direct and proximate result of defendant's discrimination of

the plaintiff, plaintiff has been deprived of income, wages, and benefits.

36. As a further result of defendant's discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

37. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

38. Defendant's discrimination is ongoing.

## SECOND COUNT

### (Failure to Accommodate in Violation of the ADA Amendments Act of 2008)

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 38 as though fully set forth herein.

39. Defendant, by and through its agents, servants, and/or employees, violated the ADA Amendments Act of 2008 in one or more of the following ways.

(a) In that defendant failed to accommodate plaintiff.

40. As a direct and proximate result of defendant's reasonable accommodation denial, plaintiff has been deprived of work and equal employment opportunities.

41. As a result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

42. As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental

anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

43. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's failure to accommodate.

44. Defendant's failure to accommodate is ongoing.

**DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, consequential damages, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; liquidated damages; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated:   October 17, 2019

_____
James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Dawn Persechino<br>305 Lakeside Drive<br>Lebanon, CT 06249 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2018-00629 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*     **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Feng An, Kenneth*      **JUL 2 3 2019**

Enclosures(s)      Feng K. An,      *(Date Mailed)*
Area Office Director

cc:

UNITED SERVICES, INC.
1007 N. Main Street
P.O. Box 839
Dayville, CT 06241